

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00334-CR

———————————————

GORDON RAY DUNN, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1555835D

Before Gabriel, Kerr, and Birdwell, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Gordon Ray Dunn attempts to appeal his conviction for felony driving while intoxicated. Because Dunn pleaded guilty under a plea-bargain agreement, which the trial court followed, and because the trial court certified Dunn had no right to appeal, we dismiss.

Under a plea-bargain agreement with the State, Dunn pleaded guilty to felony driving while intoxicated, true to a deadly-weapon allegation, and true to a habitual-offender enhancement. *See* Tex. Penal Code Ann. §§ 12.42(d), 49.04(a), 49.09. The trial court found Dunn guilty of the offense and found the deadly-weapon and habitual-offender allegations true. Following the terms of the plea agreement, the trial court sentenced Dunn to twenty-five years' confinement. Dunn filed a notice of appeal, and the trial court certified that he had pleaded guilty under a plea-bargain agreement with no right to appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2). We notified Dunn of the certification and warned that we would dismiss the appeal unless we received a response showing grounds to continue it. *See* Tex. R. App. P. 25.2(d), 44.3. We received no response.

The right to appeal a conviction arising from a plea-bargain agreement is limited to matters that were raised by written motion filed and ruled upon before trial or to cases in which the appellant has obtained the trial court's permission to appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2). The trial court's certification in this case does not show that Dunn was granted permission to appeal,

nor does the record indicate that Dunn intends to challenge a ruling on a written motion filed and ruled on before he pleaded guilty. Thus, we dismiss Dunn's appeal in accordance with the trial court's certification. *See* Tex. R. App. P. 25.2(d), 43.2(f).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 30, 2020